IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CASSANDRA WITHERSPOON and
CLARISSA DERRICK,**

        **Plaintiffs,**

v.                                                                            CIV 03-1160 LH/LAM

**NAVAJO REFINING COMPANY, L.P.,
NAVAJO REFINING CO., and
HOLLY CORP.,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY *(DOC. 69)*

**THIS MATTER** is before the Court on *Defendant Navajo Refining Co., L.P.'s Motion to Compel Discovery (Doc. 69)* and *Memorandum in Support (Doc. 70)*. In its motion, Defendant Navajo Refining Co., L.P. asks the Court to compel Plaintiff Cassandra Witherspoon to answer interrogatories and respond to requests for production; to compel both Plaintiffs to appear for depositions related to psychological stressors identified by Cassandra Witherspoon's husband, Dr. Dee Witherspoon, D.C.; and to identify health care providers and to execute appropriate medical releases so Defendant can obtain medical records related to those stressors. The motion is fully briefed and oral arguments were heard during a telephonic hearing on January 12, 2005, at which each party was respectively represented by counsel of record.

Navajo Refining Co., L.P.'s (hereinafter "Navajo") motion requests that Plaintiff *Cassandra Witherspoon* respond fully to its First Set of Interrogatories and First Set of Requests for Production, by taking the following actions: produce a copy of the diary or journal prepared regarding the

contamination, injuries, and damages alleged; produce documents related to air emission testing and spectrographic analysis performed by Stone Lyons Environmental Corporation; appear for depositions and answer questions related to psychological stressors (sexual abuse and failure to pay taxes); and to provide the names and addresses for any persons providing psychiatric or psychological care, counseling, or other treatment related to past sexual abuse and to execute a valid medical release for records related to that care.  Navajo's motion also requests that Plaintiff *Clarissa Derrick* respond fully to its First Set of Interrogatories and First Set of Requests for Production by taking the following actions:  produce documents related to air emission testing and spectrographic analysis performed by Stone Lyons Environmental Corporation; and appear for depositions and answer questions related to the psychological stressor of sexual abuse.

## Discussion

Plaintiffs Cassandra Witherspoon and Clarissa Derrick filed a lawsuit against Navajo Refining Co., L.P., Holly Corp., and Tessenderlo Kerly, Inc.[1] alleging that Plaintiffs have suffered neurological injuries (toxic encephalopathy) as a result of Navajo's refining operations in Artesia, New Mexico. Each discovery request raised in Navajo's motion to compel will be discussed separately below.

## Cassandra Witherspoon's Diary

At the April 6, 2004 deposition, Ms. Witherspoon indicated she kept a diary concerning her physical health. *(Motion to Compel, Exhibit C, p. 2, deposition page 16, lines 16-18).*  On May 10, 2004, Navajo served Ms. Witherspoon with its First Set of Requests for Production and requested the diary. *(Motion to Compel, Exhibit A, p. 2, Request No. 18).*  Plaintiffs' Response to Navajo's

---

[1] Defendant Tessenderlo Kerly, Inc. was dismissed from this lawsuit with prejudice on September 28, 2004.

Motion to Compel *(Doc. 85)* stated that Cassandra Witherspoon would provide responses to the discovery requests "at or near the same time this response is filed herein." *(Doc. 85)* However, as of the date of the hearing on the Motion to Compel, Ms. Witherspoon had failed to produce the diary.

On January 12, 2005, during a telephonic hearing with the Court, Plaintiff's attorney Michael Newell informed the Court that the diary would be photocopied and sent by Federal Express to Defendants' office by Monday, January 17, 2005. When the Court inquired as to the reason for the extended delay in production of the diary, Mr. Newell stated that he had no excuse why the diary had not yet been provided.

### Air Emission Testing and Spectrographic Analysis

On May 10, 2004, Navajo served Plaintiffs with their First Set of Requests for Production and requested documents and data related to air emission testing, spectrographic analysis, and other procedures conducted near Navajo's Artesia, New Mexico refinery. *(Motion to Compel, Exhibit A, p. 2, Request No. 28).* Plaintiffs' Response to Navajo's Motion to Compel *(Doc. 85)* stated "[d]ocuments which reflect reports, data, analysis which relate to testing done by Stone Lyons Environmental Corporation will be produced to the extent same exists." *(Doc. 85).* However, neither Plaintiff produced any documents responsive to this discovery request.

Plaintiffs' argue that this issue has been resolved as it is Plaintiffs' understanding that there is no such report and there will be no use of such a report at trial. Navajo's understanding was that Plaintiffs were claiming the report was the product of a consulting expert and would not be used at trial. The Court hereby orders Plaintiffs' counsel to provide Navajo with a statement, taken under oath, that no such testing was done, that no such data exists and no report or data will be used at trial. Due to Plaintiffs' failure to respond to the request for production and failure to notify the Court and

3

the Defendants regarding the lack of an environmental report prior to the filing of Defendant Navajo's motion to compel and prior to the hearing on the motion to compel, the Court shall assess costs against Plaintiffs for Defendants' attorneys' fees and for the portion of the Motion to Compel related to the environmental report. Defendants' attorney Joel Carson, III will prepare a cost bill and affidavit on attorneys' fees.

### **Discovery and Deposition Questions Related to Psychological Stressors**

### **A. Childhood Sexual Abuse**

Defendant Navajo argues that the defense is entitled to discover information related to psychological stressors in Plaintiffs' lives, *i.e.*, childhood sexual abuse for both Plaintiffs and financial problems for Cassandra Witherspoon resulting from a failure to pay state or federal income taxes, resulting in a significant tax lien. *(Motion to Compel, p. 4)*. In support of this request, Navajo offers reports by medical experts, who conducted independent medical examinations of Plaintiffs, including evidence that Plaintiffs' symptoms are physical manifestations of untreated psychological disorders resulting from sexual abuse each suffered as children and other psychological stressors in their lives, and are not due to the alleged exposure to toxic substances.[2]  (Id., p. 4; Id., Exhibits G, H, I, J, K).

Dr. Dee Witherspoon, Plaintiff Cassandra Witherspoon's husband, revealed the two potential stressors, *i.e.,* childhood sexual abuse and financial problems, during his deposition. *(Motion to Compel, Exhibit F, pp. 2-3)*. At the time of Dr. Witherspoon's deposition, defense counsel refrained from asking Dr. Witherspoon further questions due to Plaintiffs' counsel's assurances that the Plaintiffs would provide information about this issue, including the name of the psychologist that

---

[2]Defendants' experts include Steven Pike, M.D., a toxicologist; Don F. Seelinger, M.D., a neurologist; and Stephen J. Chiulli, Ph.D., a neuropsychologist. *(Motion to Compel, Exhibits G, H, I, J, K).*

Cassandra Witherspoon saw in Lubbock, and would execute appropriate medical releases for these records. *(Id., Exhibit F, p. 2)*.

On August 31, 2004, during a deposition of Clarissa Derrick, the parties called the undersigned magistrate judge's chambers regarding their dispute as to whether or not Defendant Navajo could inquire of Plaintiffs' past sexual abuse. The Court ruled, telephonically, that Defendants could question both Plaintiffs regarding the past sexual abuse, past treatment for the abuse, whether any treatment had been received during the last ten years and, if so, the names and addresses of those medical providers who had provided treatment within the last ten years. The Court also ruled that Defendants could possibly discover all of Plaintiffs' psychological history through a showing by its experts that the discovery was relevant to the defense of the claim and reasonably calculated to lead to the discovery of admissible evidence. At the time, however, the Court ruled that Defendants had not made the requisite showing to allow inquiry regarding the sexual abuse treatment beyond the past ten years.

In its Motion to Compel, Navajo argues that Plaintiffs' counsel, despite the Court's ruling, obstructed the questioning, instructed Plaintiffs not to answer questions regarding this issue and even took over the deposition. *(Mem. in Support of Motion to Compel, p. 8-9, Doc. 70)*. Plaintiffs dispute Defendant's version of the questioning at the deposition and argue that the Court's ruling was followed. Plaintiffs acknowledge the fact of the childhood sexual abuse and argue that defense experts can use this fact to support defense theories, but that details that are thirty years old should be protected from discovery under a theories of privacy and lack of relevance.

Following a review of the depositions provided by Defendants in the Motion to Compel *(Doc. 69)*, the Court agrees with Navajo and finds that Plaintiffs' counsel misinterpreted the Court's ruling

of August 31, 2004, obstructed the questioning during the depositions, took over the depositions, changed questions asked by defense counsel, and ordered Plaintiffs not to answer questions propounded by defense counsel. In support of this finding, the Court provides selected excerpts from the depositions (Exhibits A-F) attached to the Motion to Compel Discovery *(Doc. 69)*.

**Motion to Compel, Exhibit D, page 3, deposition page 360, lines 9-19:**

*Q. (BY MR. CARSON III) Have you ever attempted or threatened suicide?*

*A. No.*

*Q. Have you ever been mentally, emotionally, or physically abused at any time in your life?*

*MR. MORY: The question is overbroad, not reasonably calculated to lead to discovery of admissible evidence, also an unreasonable invasion of the witness's privacy.*
*According to the conversation with your Honor, I will have to instruct you not to answer that question.*

**Motion to Compel, Exhibit D, page 3, deposition page 361, lines 8-22:**

*Q. (BY MR. CARSON III) Within the past ten years have you seen a psychologist, psychiatrist, therapist, or a mental health counselor?*

*A. No.*

*MR. MORY: Within the past ten years have you been mentally, physically, or emotionally abused?*

*THE WITNESS: No.*

*Q. (BY MR. CARSON III) Within the past ten years have you received any counseling from your pastor?*

*A. No.*

**Motion to Compel, Exhibit E, page 8, deposition page 321, lines 19-25; page 9, deposition page 321, line 1:**

>   THE COURT:  Yes, you are.  You are entitled to ask each of these women if they have ever received any treatment from anybody regarding their childhood sexual abuse by their father.
>
>   MR. CARSON III:  Okay.
>
>   THE COURT:  And if they say no, not within the last ten years, then you have to accept that answer and move on.

**Motion to Compel, Exhibit E, page 9, deposition page 323, lines 3-11:**

>   THE COURT:  He can ask them about the childhood sexual abuse and if they've ever received any treatment for it.
>
>   MR. MORY:  Within the ten years?
>
>   THE COURT:  Within the last ten years.
>
>   MR. MORY:  Okay.
>
>   THE COURT:  And actually, I think he can ask them when was the last time they received treatment for it.

**Motion to Compel, Exhibit E, page 10, deposition page 329, lines 13-24:**

>   Q. (BY MR. CARSON III)  My question to you, Ms. Derrick, is have you ever been mentally, emotionally, or physically abused at any time in your life?
>
>   MR. MORY:  Again, Counsel, we've already gone over that, but before I can allow her to answer that question, the judge made it clear that a foundational question must be asked first, and that is whether she had received any mental health care within the last ten years.
>   Have you received any mental health care within the last ten years?
>
>   THE WITNESS:  No.

**Motion to Compel, Exhibit E, page 11, deposition page 330, lines 1-16:**

>   Q. (BY MR. CARSON III)  I'm the person asking the questions, and I will ask Ms. Derrick the questions that I see fit.  And you're allowed- -
>   MR. MORY:  Did you respond?
>
>   THE WITNESS:  Yes.

> MR. CARSON III:  You're allowed to object.
>
> Q. (BY MR. CARSON III)  Was your answer yes?
>
> MR. MORY:  It was no.
>
> A.  No.
>
> MR. MORY:  And the other question I would like to ask you, have you ever in your entire life received any mental health care?
>
> THE WITNESS:  No.
>
> MR. MORY:  You're done.
>
> MR. CARSON III:  She's not done- -
>
> MR. LEMATTA:  Yeah, we're not done.

**Motion to Compel, Exhibit E, page 11, deposition page 331, lines 12-25:**

> MR. LEMATTA:  He cannot change the question that the witness is answering.
>
> MR. MORY:  Again, based upon conversations we just had with your Honor, it's unreasonable invasion of the witness's privacy.  The privacy rights outweigh the probative value, and under the circumstances, based upon the fact that Ms. Derrick has already testified that she is not seeking any cost of psychiatric treatment, she's not sought any mental health care for the past - - in her entire lifetime, I will have to instruct her not to answer that question.  And I will, however, allow her to answer within the past ten years whether she had in fact ever sustained such abuse.

**Motion to Compel, Exhibit E, page 11, deposition page 332, lines 1-7:**

> MR. CARSON III:  I didn't ask her that question.
>
> MR. MORY:  I will ask her that question.
>
> MR. LEMATTA:  Objection.
> MR. CARSON III:  You can - - you can ask her when I pass the witness.
>
> MR. MORY:  Okay.  The time is up, Counsel.

**Motion to Compel, Exhibit E, page 2, deposition page 284, lines 2-3:**

*Q.  Did you ever help your father doctor cattle?*

*MR. MORY:  Vague.  Ambiguous.*

**Motion to Compel, Exhibit E, page 2, deposition page 285, lines 18-21:**

*Q.  Have you ever seen a psychologist, psychiatrist, therapist, or mental health counselor?*

*MR. MORY:  Objection.  Don't answer as per order.*

**Motion to Compel, Exhibit E, page 3, deposition page 300, lines 19-25; deposition page 301, lines 1-11:**

*Q.  Have you ever been mentally abused at any time in your life?*

*MR. MORY:  Question is not relevant, not reasonably calculated to lead to discovery of evidence, unreasonable invasion of privacy.*
*Don't answer.*

*MR. CARSON III:  Have you ever been emotionally abused at any time in your life?*

*MR. MORY:  Same objection.  Same instruction.*

*Q.  (BY MR. CARSON III)  Have you ever attempted or threatened suicide before?*
*MR. MORY:  Same objection.  Same instruction.*

*Q.  (BY MR. CARSON III)  Ms. Derrick, have you ever been physically abused at any time in your life?*

*MR. MORY:  Same objection.  Same instruction.*

**Motion to Compel, Exhibit E, page 6, deposition page 313, lines 2-9:**

>  *[THE COURT] But I'm also cautioning you, Mr. Mory, that you've got to allow them to question your witnesses and not be so picky about your perception that they might have asked that question in the past. There has to be a transcript that has a context to it. And if they need to follow up on questioning that you didn't allow the last time, that was the spirit of my order, that they be allowed to flesh that out.*

It is evident from these passages that Plaintiff's counsel, Mr. Mory, obstructed the depositions of the Plaintiffs by interposing objections and changing the questions posed by defense counsel. When defense counsel tried the clarify the answer to the question he had asked, Mr. Mory answered for Plaintiff Derrick and proceeded to ask his own questions which clearly did not comport with the rulings made by the Court only a few minutes earlier. Mr. Mory repeatedly instructed his clients not to answer questions posed by defense counsel that were proper, given the Court's rulings, and then told defense counsel that their time was up. This behavior by Plaintiffs' counsel violated the Court's order and warrants the imposition of sanctions and another opportunity for defense counsel to question Plaintiffs about their prior sexual abuse and treatment for said abuse, if any.

In addition, the Court finds, based on the materials in the Motion to Compel and oral arguments, that Defendants have made an adequate showing for the need for all evidence of abuse and all records of treatment and that this information is relevant to the defense of this case based upon Defendants' experts' opinions and reports. Parties may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. *Fed. R. Civ. P. 26(b)(1)*. Courts may order discovery of any matter relevant to the subject matter involved in the action. *(Id.)*. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to discovery of admissible evidence. *(Id.)*.

Accordingly, the Court orders that Defendants will be allowed to reconvene the depositions of both Plaintiffs and possibly Dr. Dee Witherspoon. Dr. Witherspoon could potentially be re-deposed if information is not provided adequately by the Plaintiffs. The depositions will be conducted at the federal courthouse in Las Cruces during the month of January and the undersigned will be present to immediately rule on any objections. Plaintiffs will pay for these depositions, the reporter, and for one defense counsel to attend. The Court further orders Plaintiff Cassandra Witherspoon to provide the name, address and phone number of her psychologist in Lubbock, and to provide a medical release for this psychologist's records within 5 business days of the ruling at the January 12, 2005 hearing (**due by January 20, 2005**). The Court rules that Defendants may also depose this psychologist, if necessary.

The Court orders that costs and attorneys' fees shall be assessed against Plaintiffs and their counsel for the portions of the Motion to Compel dealing with the childhood abuse issue because the Court had already ruled on this issue during the August 31, 2004 deposition of Plaintiff Derrick, and due to Plaintiffs' and their counsel's obstruction of the questioning. Defendant Navajo shall prepare a cost bill and affidavit on attorney's fees and file it with the Court within 10 days of the January 12, 2005 hearing (**due by January 24, 2005**).

### B.  Cassandra Witherspoon's Financial Records and Financial Condition

The Court also finds that Cassandra Witherspoon's *tax records* and information about her financial condition are discoverable. Plaintiff Witherspoon argues that she has already responded to questions regarding her financial condition by testifying she was not stressed about her financial condition and indicating she had sufficient funds to meet all of her obligations. However, the Court finds that it is not clear from the deposition excerpts provided in the Motion to Compel whether or

not Ms. Witherspoon is aware of the tax lien or the credit card debt as testified to by her husband, Dr. Dee Witherspoon.  In fact, the Court notes that Dr. Witherspoon's testimony specifically states that she does not know about the credit card debt. *(Motion to Compel, Exhibit F, page 5, deposition page 174, lines 4-17).*  Following review of the record and oral arguments, the Court finds that Defendants may question Ms. Witherspoon about the tax records and financial problems to determine what she knows or does not know regarding tax records, a tax lien of $250,000, and credit card debt and whether these financial issues are stressors in her life.  The Court orders Ms. Witherspoon to provide the proper releases for Defendants to obtain her tax records from the IRS within 3 business days of receiving a request from defense counsel.  All parties agree that Defendants have not requested credit card records and, therefore, these items are not discoverable. Since the issue regarding Ms. Witherspoon's financial condition as being a possible stressor in her life had not previously been the subject of a motion to compel, this issue is before the Court for the first time and, therefore, the Court will not assess costs or fees in connection with this portion of the Motion to Compel.

## Conclusion

The Court warns Plaintiffs that it is close to recommending that all or some of Plaintiffs' claims be dismissed due to Plaintiffs' lack of diligence in providing information in an expeditious and proper manner, and for repeated violations of court orders regarding discovery.  The Court cautions Plaintiffs' counsel that they must follow the federal rules of civil procedure and the Court's rulings or potentially suffer the serious sanction of dismissal of all or some of Plaintiffs' claims.  The Court requests that all parties cooperate in getting this case back on track.

**WHEREFORE IT IS HEREBY ORDERED** that *Defendant Navajo's Motion to Compel Discovery (Doc. 69)* is **GRANTED** in substantial part, and Plaintiffs are ordered to provide discovery as detailed below;

**IT IS FURTHER ORDERED** that depositions for both Plaintiffs shall reconvene at the Federal Courthouse in Las Cruces, New Mexico during January, 2005 so that Defendants may ask questions regarding the psychological stressors in Plaintiffs' lives, *i.e.*, childhood sexual abuse and any subsequent treatment for both Plaintiffs, and Cassandra Witherspoon's failure to file state and federal taxes, her knowledge of the tax lien and whether or not it has caused any stress in her life. The depositions shall be coordinated with the Court's schedule so that the Court can monitor the depositions. If necessary, the deposition of Dr. Dee Witherspoon shall also be reconvened if defense counsel is unable to obtain adequate answers to questions about these issues from Plaintiffs;

**IT IS FURTHER ORDERED** that Plaintiffs shall pay for the reconvened depositions, a reporter, and for one defense counsel to attend the depositions in Las Cruces, New Mexico;

**IT IS FURTHER ORDERED** that Plaintiff Cassandra Witherspoon shall provide the name, address and phone number of her psychologist in Lubbock, Texas, and shall provide a medical release for this psychologist's records **by January 20, 2005**. If necessary, Defendants shall be allowed to depose this psychologist;

**IT IS FURTHER ORDERED** that Plaintiff Cassandra Witherspoon shall provide the proper releases for Defendants to obtain her tax records from the IRS **within 3 days** of receiving a request from defense counsel;

**IT IS FURTHER ORDERED** that **within three (3) business days** of entry of this order, Plaintiffs shall provide Defendants with a statement, under oath, that no emissions testing or

13

spectrographic analysis was done, that no such data exists and no such report or data shall be used at trial;

**IT IS FURTHER ORDERED** that costs and attorney's fees shall be assessed against Plaintiffs and their counsel regarding the portions of Defendants' Motion to Compel *(Doc. 69)* related to the childhood abuse issues and the emissions testing and report. Defendants' counsel, Mr. Joel Carson, III shall prepare and submit to Plaintiff and the Court a cost bill and affidavit on attorney's fees **by January 24, 2005**.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

14