IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

CASSANDRA WITHERSPOON and
CLARISSA DERRICK,

                       Plaintiffs,

v.                                       No. CIV 03--1160 BB/LAM

NAVAJO REFINING COMPANY, L.P.,
NAVAJO REFINING COMPANY,
HOLLY CORPORATION, and
TESSENDERLO KERLY, INC.,

                       Defendants.

MEMORANDUM OPINION
AND
ORDER

THIS MATTER is before the Court on Defendant Navajo Refining Company, L.P.'s Motion in Limine to exclude Dr. Erica Elliott's "expert" report and all associated testimony because this witness was not disclosed as an expert at the appropriate time. (Dfdts. Motion in Limine, Doc. 76.)  The Court has reviewed the submissions of the parties and the relevant law.  For the reasons set forth below, the Court finds Defendant's Motion is well-taken and will be GRANTED.

BACKGROUND

Plaintiffs complain that Defendants' refinery exposed them to toxic substances which have caused them injury. This Court ordered that Plaintiffs' expert witnesses

be disclosed by April 19, 2004. (Order, Doc. 29.) Plaintiffs' disclosure listed only one expert, Dr. James G. Dahlgren.  (Dfdts. Memo., Doc. 77, Ex. B.) Dr. Elliott was listed as a treating physician, not as an expert. (<u>Id.</u>) When Defendants began deposing Dr. Elliott on June 10, 2004, she produced for the first time a letter that she called an "expert report" dated April 17, 2004.  (<u>Id.</u> at 3.) Defendants deposed Dr. Elliott on June 10, 2004 and again on August 30, 2004. (<u>Id.</u> Dintzer Dec. at ¶ 5.) Because Dr. Elliott was not timely disclosed, Defendants seek to have her report and any associated testimony excluded.

<u>D<small>ISCUSSION</small></u>

Fed. R. Civ. P. 26(a)(2) requires parties to timely disclose the identity of any expert witnesses. The distinction between testimony from expert and lay witnesses is crucial because expert testimony may be based on inadmissible evidence, Fed. R. Evid. 703, and is subject to reliability analysis under <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 587-88 (1993).  In contrast, lay witnesses may only offer opinions based on their own perceptions and may not offer opinions based on scientific, technical, or other specialized knowledge.  Fed. R. Evid. 701.  This latter restriction was added by a 2000 amendment in order to prevent parties from smuggling in expert testimony under Rule 701 (lay witnesses), thus, evading the reliability analysis of <u>Daubert</u> and the disclosure requirements of Rule 26(a)(2).  4 Jack B. Weinstein and Margaret A. Berger, <u>Weinstein's Federal Evidence,</u>

2

§ 701.03[4][b] (Joseph M. McLaughlin ed., Matthew Bender 2d ed. 2005).  As a result, this amendment compels courts to categorize more testimony from treating physicians as subject to expert disclosure requirements and some courts have barred testimony from physicians about their diagnosis and treatment, finding that such opinions are necessarily based on expert knowledge. Dorothea Beane & Theodore E. Karatinos, Catching the Chameleon: When is the Treating Physician an Expert?, in 51-May Fed. Law. 26, 27 (2004). Under Tenth Circuit law, treating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient.   Davoll v. Webb, 194 F.3d 1116, 1138-39 (10th Cir. 1999); and see, Parker v. Central Kansas Med. Ctr, 57 Fed. Appx. 401 (10th Cir. 2003) (unpublished opinion) (upholding exclusion of causation evidence from a treating physician not properly disclosed); see also, Tzoumis v. Temple Steel Co., 168 F.Supp.2d 871, 876 (N.D. Ill. 2001).

Here, Plaintiffs did not disclose Dr. Elliott as an expert, but merely as a treating physician.  At her deposition, Dr. Elliott appeared with an expert report, raising questions about the scope and timing of her employment.  To honor the purpose of Rule 26, Dr. Elliott is limited to testifying as a lay witness pursuant to Fed. R. Evid. 701. This means that Dr. Elliott may testify about her observations and treatment developed while actually treating Plaintiffs but may not provide testimony beyond what she perceived or did.  As such, any causation opinions drawn by Dr.

3

Elliott, whether in the form of testimony or her report are excluded. <u>Davoll</u>, 194 F.3d at 1138-39.

Dr. Elliott's tardy report provided information that is typical of "expert reports," such as a list of her qualifications, the compensation she would receive and other cases in which she has testified.  <u>See</u> Fed. R. Civ. P. 26(a)(2)(B) (describing components of expert reports required to be disclosed). However, because she was not properly disclosed, Dr. Elliott will be limited to offering lay testimony.

## <u>O R D E R</u>

For the above stated reasons, Defendants' Motion to exclude Dr. Elliott's testimony and report is GRANTED to the extent that the testimony and report go beyond lay testimony as to what she found when she examined Plaintiffs and the history of her treatment.

SO ORDERED this 28th day of June, 2005.


_____

BRUCE D. BLACK
United States District Judge

**For Plaintiff:**

      **David R. Lira**
      **1126 Wilshire Blvd.**
      **Los Angeles, CA  90017**

      **Michael Newell**
      **Heidel Samberson Newell Cox & McMahan**
      **Post Office Drawer 1599**
      **Lovington, NM  88260**

**For Defendant:**

      **Thomas M. Hnasko**
      **Gary W. Larson**
      **P.O. Box 2068**
      **Santa Fe, N.M. 87504-2068**

      **Richard E. Olson**
      **P.O. Box 10**
      **Roswell, N.M. 88202**

      **Joel M. Carson, II**
      **P.O. Box 1720**
      **Artesia, NM  88211-1720**

      **Richard P. Levy**
      **Jeffrey D. Dintzer**
      **333 S. Grand Ave.**
      **Los Angeles, CA  90071-3197**